Joshua Swigart, Esq. (SBN: 225557)
Josh @westcoastlitigation.com
Robert L. Hyde, Esq (SBN: 227183)
bob@westcoastlitigation.com
**Hyde and Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Other Attorneys of Record Listed on Signature Page]

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Christopher Melingonis, Individually and on behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Rapid Capital Funding L.L.C.,**<br><br>**Defendant.** | Case No.: **'16 CV 0490 WQH KSC**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.      CHRISTOPHER MELINGONIS (referred to individually as "Mr. Melingonis" or "Plaintiff"), brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of RAPID CAPITAL FUNDING, LLC ("RCF" or "Defendant"), in negligently, knowingly, and/or willfully

contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call [...]." *Id.* At §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act [...] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose

subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call.  An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6.   Jurisdiction is proper under 47 U.S.C §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012), because Plaintiff alleges violations of federal law.

7.   Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action against Defendant occurred in the State of California within the Southern District of California and Defendant conducts business in the area of San Diego, California.

## PARTIES

8.   Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

9.   Plaintiff is informed and believes, and thereon alleges, that RCF is, and at all times mentioned herein was, a company licensed in the state of Florida and headquartered in Miami, Florida, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

10.   Plaintiff is informed and believes, and thereon alleges, that at all relevant times, RCF conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

11.   At all times relevant, Plaintiff was a citizen of the State of California.  Plaintiff is, and at all times mentioned herein was, "persons" as defined by 47 U.S.C § 153 (10).

12.   Defendant is, and at all times mentioned herein was, "persons" as defined by 47 U.S.C. §153 (10).

13.   Sometime prior to January 1, 2015, Mr. Melingonis was assigned, and became the owner of, a cellular telephone number from his wireless provider.

14.   Beginning on or about August 1, 2015, Mr. Melingonis received numerous telephone calls on his cellular telephone from RCF, in which RCF utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

15.   The calls to Mr. Melingonis's cellular telephone number (ending in 9812) from RCF came from phone numbers including but not limited to: (732) 734-6148, (802) 732-9506, (702) 863-6388, and (559) 775-5007.

16.   During these calls from RCF to Mr. Melingonis's cellular telephone, RCF, by artificial or prerecorded voice, directed Mr. Melingonis to press 1 to be connected with a representative, or press 2 to stop receiving calls.   On at least one occasion, Mr. Melingonis pressed 2.  Other times, Melingonis hung up without pressing any number.

17.   After receiving numerous calls, Mr. Melingonis received another call on or about September 29, 2015.  Melingonis pressed 1 to be transferred to a representative and he was connected to a woman who immediately asked if he was seeking a business loan. Melingonis inquired who it was that was calling him, and why the calls always came from a different number.  The woman hung up on Mr. Melingonis.

18.   On or about September 30, 2015, Mr. Melingonis received another call to his cellullar telephone from RCF.  Melingonis again pressed 1 to speak to a representative.  He was connected to a man who identified himself as, "Trevor."  Trevor asked Melingonis if he would like a business loan and Melingonis replied affirmatively.  Trevor then asked Mr. Melingonis some financial questions about his business, including what was his monthly income.   After the questions, Trevor told Mr. Melingonis that he was qualified, and transferred him to another representative.   This person identified himself as Lester Sandoval of Rapid Capital Funding.   Melingonis was informed that he qualified for a $25,000 business loan.  Melingonis declined the loan and asked to be taken off the call list.  He told Lester Sandoval that he had previously pressed 2 to stop receiving calls, yet he continued to receive calls.  Mr. Sandoval informed Melingonis that that function does

not work, and he (Melingonis) needed to actually speak to a person to be removed from the list.  Melingonis again requested to be removed from the call list.

19.     On or about January 11, 2016, Mr. Melingonis received another call to his cellular telephone from RCF.   The call originated from phone number (702) 863-6388.   Mr. Melingonis answered the phone by saying hello, then there was a pause.  After the pause Mr. Melingonis heard a click and a man was connected who identified himself as Miguel with Rapid Capital Funding.   Miguel told Mr. Melingonis that he was the "qualifying agent" to give him a business loan.  Mr. Melingonis asked him to repeat the name of the company, and Miguel hung up or was disconnected.

20.     The ATDS used by RCF has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21.     The ATDS used by RCF also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

22.     The telephone number RCF called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

23.     Plaintiff at no time provided "prior express consent" for RCF to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

24.     Plaintiff had not provided his cellular telephone number to RCF.   Plaintiff was not a customer of RCF.  Plaintiff had no "established business relationship" with defendant, as defined by 47 U.S.C. § 227 (a)(2).

25.     These telephone calls made by RCF or its agents were in violation of 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

27.     Plaintiff represents, and is a member of, the Class, consisting of: All persons within the United States who had or have a number assigned to a cellular telephone service, who

received at least two calls using an ATDS and/or an artificial prerecorded voice from Rapid Capital Funding, LLC, or its agents, calling on behalf of Rapid Capital Funding, LLC, between the date of filing this action and the four years preceding, where such calls were placed for marketing purposes, to non-customers of Rapid Capital Funding, LLC, at the time of the calls.

28.   RCF and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29.   Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer  messages left  by Defendant or their agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

30.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.   Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31.   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records and/or Defendant's agent's records.

32.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.   The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

i. Whether, within the four years prior to the filing of the Complaint, RCF made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

ii. Whether RCF called non-customers of RCF for marketing purposes;

iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

iv. Whether RCF should be enjoined from engaging in such conduct in the future.

33.    As a person that received numerous calls from Defendant in which Defendant used an ATDS or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.   Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.   The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

35.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36.    A class action is a superior method for the fair and efficient adjudication of this controversy.   Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of

1    these claims is likely to present significantly fewer difficulties than those that would be

2    presented in numerous individual claims.

3    37.    Defendant has acted on grounds generally applicable to the Class, thereby making

4    appropriate final injunctive relief and corresponding declaratory relief with respect to the

5    Class as a whole.

6                          **FIRST CAUSE OF ACTION:**
                **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
7              **PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

8

9    38.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

10   though fully stated herein.

11   39.    The foregoing acts and omissions of Defendant constitutes numerous and multiple

12   negligent violations of the TCPA, including but not limited to each and every one of the

13   above-cited provisions of 47 U.S.C. § 227 et seq.

14   40.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and

15   the Class are entitled to an award of $500.00 in statutory damages, for each and every

16   violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

17   41.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such

18   conduct in the future.

19                        **SECOND CAUSE OF ACTION:**
          **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
20            **CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

21

22   42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

23   though fully stated herein.

24   43.    The foregoing acts and omissions of Defendant constitute numerous and multiple

25   knowing and/or willful violations of the TCPA, including but not limited to each and

26   every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

27   44.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq.,

28   Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to

1   $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47
2   U.S.C. § 227(b)(3)(C).

3   45.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such
4   conduct in the future.

5                                   **PRAYER FOR RELIEF**

6

7   46.   Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members
8   the following relief against RCF:

9                   **FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**
10                       **THE TCPA, 47 U.S.C. § 227 ET SEQ.**

11  47.   As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff  seeks
12      for  himself and each Class member $500.00 in statutory damages, for each and every
13      violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

14  48.   Pursuant to 47  U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the
15      future.

16  49.   Any other relief the Court may deem just and proper.

17        **SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION**
18                       **OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

19  50.   As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1),
20      Plaintiff seeks for himself and each Class member treble damages, as provided by statute,
21      up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and
22      47 U.S.C. § 227(b)(3)(C).

23  51.   Pursuant to 47  U.S.C.  §  227(b)(3)(A), injunctive relief prohibiting such conduct in the
24      future.

25  52.   Any other relief the Court may deem just and proper.

26  //

27  //

28  //

1

**TRIAL BY JURY**

2   53.   Pursuant to the seventh amendment to the Constitution of the United States of America,

3        Plaintiff is entitled to, and demands, a trial by jury.

4

    Date: February 23, 2016                    HYDE & SWIGART

5

6                                     By:  s/Joshua B. Swigart, Esq.

7                                        Joshua B. Swigart
                                         HYDE AND SWIGART, APC
8                                        *Attorneys for Plaintiff*

9

10   **Other Attorneys of Record, besides caption page:**

11

12   Abbas Kazerounian, Esq.  (SBN: 25283)
     ak@kazlg.com
13   **Kazerouni Law Group, APC**
     245 Fischer Avenue, Unit D1
14   Costa Mesa, CA 92626
     Telephone:  (800) 400-6808
15   Facsimile:  (800) 520-5523

16

17

18

19

20

21

22

23

24

25

26

27

28