Geoffrey M. Gold (SBN 142625)
 ggold@ecjlaw.com
Pantea Yashar (SBN 234067)
 pyashar@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Defendant Rapid Capital Funding, L.L.C.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher Melingonis, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Rapid Capital Funding, L.L.C.,<br><br>Defendant. | CASE NO: 3:16-cv-00490-WQH-KSC<br><br>[Hon. William Q. Hayes Presiding]<br><br>**RAPID CAPITAL FUNDING, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

Defendant Rapid Capital Funding, L.L.C. ("RCF"), by its attorneys, hereby responds to the Class Action Complaint (the "Complaint") of Plaintiff Christopher Melingonis ("Plaintiff") as follows:

## INTRODUCTION

1.     RCF admits Plaintiff's Class Action Complaint seeks to assert claims against RCF pursuant to the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. RCF is without knowledge or information sufficient to form a belief as to the personal knowledge, acts, and experiences of Plaintiff or the investigation of Plaintiff's attorneys, and therefore denies such allegations. RCF neither admits nor denies the legal conclusions contained in paragraph one of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph one of the Complaint. RCF specifically denies violating any law, including the TCPA.

2.     RCF neither admits nor denies the legal conclusions contained in paragraph two of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph two of the Complaint. Further, and to the extent a response is required, RCF states the authority cited in paragraph two of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterized, or takes out of context the authority cited therein, RCF further denies paragraph two of the Complaint.

3.     RCF neither admits nor denies the legal conclusions contained in paragraph three of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph three of the Complaint. Further, and to the extent a response is required, RCF states the authorities cited in paragraph

1  three of the Complaint speak for themselves, and to the extent Plaintiff misquotes,
2  misstates, mischaracterized, or takes out of context the authorities cited therein,
3  RCF further denies paragraph three of the Complaint.

4      4.    RCF neither admits nor denies the legal conclusions contained in
5  paragraph four of the Complaint as the legal conclusions are not allegations
6  capable of admission or denial. To the extent a response is required, RCF denies
7  the legal conclusions contained in paragraph four of the Complaint. Further, and to
8  the extent a response is required, RCF states the authorities cited in paragraph four
9  of the Complaint speaks for themselves, and to the extent Plaintiff misquotes,
10  misstates, mischaracterizes, or takes out of context the authority cited therein, RCF
11  further denies paragraph four of the Complaint.

12      5.    RCF neither admits nor denies the legal conclusions contained in
13  paragraph five of the Complaint as the legal conclusions are not allegations
14  capable of admission or denial. To the extent a response is required, RCF denies
15  the legal conclusions contained in paragraph five of the Complaint. Further, and to
16  the extent a response is required, RCF states the authority cited in paragraph five of
17  the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates,
18  mischaracterized, or takes out of context the authority cited therein, RCF further
19  denies paragraph five of the Complaint.

20  **JURISDICTION & VENUE**

21      6.    RCF denies 47 U.S.C. §227(b) provides a jurisdictional basis for this
22  Court to adjudicate Plaintiff's Complaint. RCF admits the Court may have
23  jurisdiction to consider Plaintiffs' claims pursuant to 28 U.S.C. §1331 (i.e. "federal
24  question" jurisdiction) to the extent the Complaint properly pleads a violation of
25  the TCPA, but RCF does not admit to any actionable conduct.

26      7.    RCF denies the Southern District of California is a proper venue for
27  Plaintiffs' claims pursuant to 18 U.S.C. §1391(b) and 18 U.S.C. §1441(a).

28  / / /

## PARTIES

8.      RCF is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship, and therefore denies such allegation.

9.      RCF denies the allegations contained in paragraph nine of the Complaint. RCF denies it is a corporation. RCF neither admits nor denies the legal conclusions contained in paragraph nine of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph nine of the Complaint.

10.     RCF denies the allegations contained in paragraph ten of the Complaint.

## FACTUAL ALLEGATIONS

11.     RCF is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship, and therefore denies such allegation. RCF denies Plaintiff is a "persons" as defined by 47 U.S.C. §153(10).

12.     RCF denies the allegations contained in paragraph twelve of the Complaint.

13.     RCF is without knowledge or information sufficient to form a belief as to the allegations in paragraph thirteen of the Complaint, and therefore denies the allegations.

14.     RCF neither admits nor denies the legal conclusions contained in paragraph fourteen of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph fourteen of the Complaint. RCF specifically denies violating any law, including the TCPA.

15.     RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph fifteen of the Complaint, and therefore denies the allegations.

16.    RCF is without knowledge or information sufficient to form a belief as the allegations contained in paragraph sixteen of the Complaint, and therefore denies the allegations.

17.    RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph seventeen of the Complaint, and therefore denies the allegations.

18.    RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph eighteen of the Complaint, and therefore denies the allegations.

19.    RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph nineteen of the Complaint, and therefore denies the allegations.

20.    RCF neither admits nor denies the legal conclusions contained in paragraph twenty of the Complaint as the legal conclusions are not capable of admission or denial. To the extent a response is required, RCF denies paragraph twenty of the Complaint. RCF specifically denies violating any law, including the TCPA.

21.    RCF neither admits nor denies the legal conclusions contained in paragraph twenty-one of the Complaint as the legal conclusions are not capable of admission or denial. To the extent a response is required, RCF denies the paragraph twenty-one of the Complaint. RCF specifically denies violating any law, including the TCPA.

22.    RCF is without knowledge or information sufficient to form a belief as to any charges, telephone related or otherwise, incurred by Plaintiff. RCF neither admits nor denies the legal conclusions contained in paragraph twenty-two of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions

contained in paragraph twenty-two of the Complaint. RCF specifically denies violating any law, including the TCPA.

23.    RCF neither admits nor denies the legal conclusions contained in paragraph twenty-three of the Complaint as the legal conclusions are not allegations capable of admission or denial.  To the extent a response is required, RCF denies paragraph twenty-three of the Complaint. RCF specifically denies violating any law, including the TCPA.

24.    RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty-four of the Complaint; particularly as Plaintiff does not allege his full cellular telephone number. RCF neither admits nor denies the legal conclusions contained in paragraph twenty-four of the Complaint as the legal conclusion are not allegations capable of admission or denial. TO the extent a response is required, RCF denies paragraph twenty-four of the Complaint. RCF specifically denies violating any law, including the TCPA.

25.    RCF neither admits nor denies the legal conclusions contain in paragraph twenty-five of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies paragraph twenty-five of the Complaint. RCF specifically denies violating any law, including the TCPA.

### CLASS ACTION ALLEGATIONS

26.    RCF admits Plaintiff seeks to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph twenty-six of the Complaint.

27.    RCF admits Plaintiff seeks to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph twenty-seven of the Complaint. RCF specifically denies violating any law, including the TCPA.

/ / /

28.    RCF admits Plaintiff seeks to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph twenty-eight of the Complaint.

29.    RCF admits Plaintiff seeks to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph twenty-nine of the Complaint. RCF neither admits nor denies the legal conclusions contained in paragraph twenty-nine of the Complaint. To the extent a response is required, RCF denies the legal conclusions contained in paragraph twenty-nine of the Complaint. RCF specifically denies violating any law, including the TCPA.

30.    RCF admits Plaintiff seeks to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph thirty of the Complaint. RCF specifically denies violating any law, including the TCPA.

31.    RCF admits Plaintiff seeks to represent a class, but denies that a class action is appropriate.  RCF denies the allegations contained in paragraph thirty-one of the Complaint. RCF neither admits nor denies the legal conclusions contained in paragraph thirty-one of the Complaint. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-one of the Complaint.

32.    RCF admits Plaintiff seeks to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph thirty-two of the Complaint, including all subsection therein. RCF neither admits nor denies the legal conclusions contained in paragraph thirty-two of the Complaint. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-two of the Complaint. RCF specifically denies violating any law, including the TCPA.

33.    RCF admits Plaintiffs seek to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph twenty-nine. RCF neither admits nor denies the legal conclusions contained in

paragraph thirty-three of the Complaint. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-three of the Complaint. RCF specifically denies violating any law, including the TCPA.

34.   RCF admits Plaintiffs seek to represent a class, but denies that a class action is appropriate.  RCF denies the remaining allegations contained in paragraph thirty-four of the Complaint. RCF neither admits nor denies the legal conclusions contained in paragraph thirty-four of the Complaint. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-four of the Complaint. RCF specifically denies violating any law, including the TCPA.

35.   RCF is without knowledge or information sufficient to form a belief as to the qualifications of Plaintiff's counsel, and therefore denies such allegations.

36.   RCF admits Plaintiffs seek to represent a class, but denies that a class action is appropriate. RCF denies the remaining allegations contained in paragraph thirty-six of the Complaint. RCF neither admits nor denies the legal conclusions contained in paragraph thirty-six of the Complaint. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-six of the Complaint. RCF specifically denies violating any law, including the TCPA.

37.   RCF admits Plaintiffs seek to represent a class, but denies that a class action is appropriate. RCF denies the remaining allegations contained in paragraph thirty-seven of the Complaint. RCF neither admits nor denies the legal conclusions contained in paragraph thirty-seven of the Complaint. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-seven of the Complaint. RCF specifically denies violating any law, including the TCPA.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227, *et seq.*

38.   RCF incorporates its responses to paragraphs one through thirty-eight of the Complaint, as if fully set forth herein.

39.    RCF neither admits nor denies the legal conclusions contained in paragraph thirty-nine of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies paragraph thirty-nine of the Complaint. RCF specifically denies violating any law, including the TCPA.

40.    RCF admits 47 U.S.C. §227(b)(3)(B) may permit a person or entity to seek damages up to $500.00 for a violation of the TCPA, but RCF does not admit to any actionable conduct. RCF specifically denies violating any law, including the TCPA.

41.    RCF admits the TCPA may permit a person or entity to seek injunctive relief for a violation of the TCPA, but RCF does not admit to any actionable conduct. RCF specifically denies violating any law, including the TCPA.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act
### 47 U.S.C. §221, *et seq.*

42.    RCF incorporates its responses to paragraphs one through forty-one of the Complaint, as if fully set forth herein.

43.    RCF neither admits nor denies the legal conclusions contained in paragraph forty-three of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies paragraph forty-three of the Complaint. RCF specifically denies violating any law, including the TCPA.

44.    RCF admits 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C) may permit a person or entity to seek treble damages up to $1,500 for a willful or knowing violation of the TCPA, but RCF does not admit to any actionable conduct. RCF specifically denies violating any law, including the TCPA.

45.   RCF admits the TCPA may permit a person or entity to seek injunctive relief for a violation of the TCPA, but RCF does not admit to any actionable conduct. RCF specifically denies violating any law, including the TCPA.

## PRAYER FOR RELIEF

46.   RCF denies Plaintiffs are entitled to any relief, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiffs for the defense of this action.

## FIRST CAUSE OF ACTION FOR NEGLIGENT
## VIOLATION OF THE TCPA
### 47 U.S.C. §227, *et seq.*

47.   RCF denies Plaintiffs are entitled to any relief requested in paragraph forty-seven of the Complaint, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiffs for the defense of this action.

48.   RCF denies Plaintiffs are entitled to any relief requested in paragraph forty-eight of the Complaint, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiffs for the defense of this action.

49.   RCF denies Plaintiffs are entitled to any relief, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiffs for the defense of this action.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR
## WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. 227, *et seq.*

50.   RCF denies Plaintiffs are entitled to any relief requested in paragraph fifty of the Complaint, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiffs for the defense of this action.

51.   RCF denies Plaintiffs are entitled to any relief requested in paragraph fifty-one, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiffs for the defense of this action.

52.   RCF denies Plaintiffs are entitled to any relief, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiffs for the defense of this action.

53.   As to any part of the Complaint not specifically admitted, denied or discussed with respect to RCF, RCF hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Further, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, RCF pleads the following defenses to the Complaint. RCF reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent consented to receiving the subject telephone calls.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent received the subject telephone calls on a telephone number assigned to a cellular telephone service that is not charged to the called party.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action because he is not the owner, registrant, or authorized user of the telephone(s) that received the subject telephone calls.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages he may have sustained. Among other things, Plaintiff had the contact information for the person or entity that allegedly made the subject telephone calls, and could have notified the person or

entity to stop making the subject telephone calls after Plaintiffs received the first alleged subject telephone call. Plaintiff chose not to do so, instead hoping he would receive additional telephone calls and a windfall settlement through a lawyer-driven class action suit.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted. Among other things, the allegations in Plaintiff's Complaint lack factual support.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.   Plaintiff is pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to seek to enrich himself by seeking disproportionate payments from RCF.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiffs is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed class, instead Plaintiff merely hypothesizes there may be others.  Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed class, or that Plaintiff will fairly and adequately protect the interests of the proposed class. Rather, Plaintiff's Complaint merely parrots the language of Federal Rule of Civil Procedure 23 without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality and adequate representative requirements for this case to proceed as a class action.

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because the subject telephone calls were not made with an automatic telephone dialing system as alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because the subject telephone calls were not made with an artificial or prerecorded voice as alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because the alleged damages to Plaintiff and the putative class Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which RCF had and has no control, and/or by the acts or omissions of Plaintiff or the putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims for the putative class Plaintiffs seek to represent are barred, in whole or in part, by the applicable statute of limitation.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are limited to the extent any telephone calls that are alleged to have violated the Telephone Consumer Protection Act are exempt from liability under that Act and the rules and regulations proscribed by the Federal Communications Commission.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiffs seek to represent are barred or limited by the doctrine of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because the subject telephone calls complied with the requirements set forth in 47 C.F.R. §64.1200(b).

///

## FIFTEENTH AFFIRMATIVE DEFENSE

RCF did not willfully or knowingly make the subject telephone calls or any other call that may be in violation of the Telephone Consumer Protection Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

RCF did not negligently make the subject telephone calls or any other call that may be in violation of the Telephone Consumer Protection Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages. To the extent Plaintiffs sustained any damages, such damages are de minimis and non-actionable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of waiver.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because Plaintiff has failed to join all necessary and/or indispensable parties to this suit, as required by Rule 19 of the Federal Rules of Civil Procedure.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fails, in whole or in part, because Plaintiffs have failed to appropriately allege the Southern District is the proper venue. Plaintiff's Complaint seeks to assert the Court's venue pursuant to 18 U.S.C. §1391(b) and 18 U.S.C. §1441(a), however, title 18 of the United States Code references "crimes and criminal procedure" and not venue.

/ / /

1    WHEREFORE, having fully answered or otherwise responded to the

2  allegations contained in Plaintiffs' Class Action Complaint, Defendant Rapid

3  Capital Funding, L.L.C. prays as follows:

4    (1)    That Plaintiff takes nothing by virtue of the Class Action Complaint

5  and that this action be dismissed in its entirety;

6    (2)    That judgment be rendered in favor of Defendant Rapid Capital

7  Funding, L.L.C.;

8    (3)    That attorneys' fees and costs of suit incurred in this action be

9  awarded to Defendant Rapid Capital Funding, L.L.C.; and

10    (4)    That Defendant Rapid Capital Funding, L.L.C. be awarded such other

11  and further relief as the Court may deem just and proper.

12

13  Dated: April 15, 2016                           ERVIN COHEN & JESSUP LLP

14
                                                    By:   /s/ Pantea Yashar
15                                                          Pantea Yashar
16                                                  *Attorneys for Defendant RCF, LLC*

17

18

19

20

21

22

23

24

25

26

27

28

RAPID CAPITAL FUNDING, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION
COMPLAINT