# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MELINGONIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAPID CAPITAL FUNDING, L.L.C.; and, MERCHANT WORTHY, INC.,<br><br>Defendants. | CASE NO. 16cv490-WQH-KSC<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motion to dismiss the first amended complaint filed by Defendant Merchant Worthy, Inc. ("Merchant Worthy") (ECF No. 26) and the motion for leave to amend the complaint filed by Plaintiff Christopher Melingonis (ECF No. 27).

**I. Background**

On February 24, 2016, Plaintiff initiated this action by filing a complaint against Defendant Rapid Capital Funding L.L.C. ("Rapid Capital") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (ECF No. 1). On April 15, 2016, Rapid Capital filed an answer. (ECF No. 4).

On August 16, 2016, the Magistrate Judge issued a Scheduling Order in this matter requiring that any motion to join other parties, to amend the pleadings or to file additional pleadings be filed on or before September 12, 2016. (ECF No. 17).

On October 18, 2016, Plaintiff filed a first amended complaint against Defendant Rapid Capital and the newly-added Defendant Merchant Worthy. (ECF No. 18).

On December 30, 2016, Defendant Merchant Worthy filed a motion to dismiss the first amended complaint. (ECF No. 26). Plaintiff did not file a response in opposition to this motion to dismiss. On January 30, 2017, Defendant Merchant Worthy filed a "Notice of No Opposition Filed in Response to Defendant Merchant Worthy Inc.'s Motion and Motion to Dismiss First Amended Class Action Complaint." (ECF No. 32).

On January 9, 2017, Plaintiff filed a motion for leave to file an amended complaint, in which Plaintiff states that he withdraws the first amended complaint. (ECF No. 27). On January 23, 2017, Defendant Merchant Worthy filed a response in opposition to the motion seeking leave to file an amended complaint. (ECF No. 29). On January 30, 2017, Plaintiff filed a reply. (ECF No. 31).

**II. Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff states that he "withdraws the First Amended Complaint which was filed on October 19, 2016" and requests leave to amend the original complaint to add Merchant Worthy as a defendant. (ECF No. 27-1 at 2). Plaintiff states that he has no objection to Defendant Merchant Worthy's alternative request to set a new Case Management Conference to restart the deadlines in this action. *Id.* at 3. Plaintiff further requests that Defendant Merchant Worthy's motion to dismiss be denied as moot. *Id.* at 4. Plaintiff contends that good cause exists to amend his complaint because he could not have included Defendant Merchant Worthy in the original complaint. Plaintiff contends that he was not aware of the existence of Defendant Merchant Worthy or its relation to the current action until September 30, 2016 following the receipt of written discovery. *Id.* at 3; ECF No. 31 at 2. Plaintiff contends that during discovery, Defendant Rapid Capital represented that at least one of the phone calls received by Plaintiff was placed by Defendant Merchant Worthy. (ECF No. 27-1 at 3).

Defendant Merchant Worthy contends that Plaintiff should not be granted leave

to amend because Plaintiff failed to obtain leave of Court to file the first amended complaint as required by Federal Rule of Civil Procedure 15(a). (ECF No. 29 at 5). Defendant Merchant Worthy contends that it will be prejudiced if it is added as a defendant at this stage of proceedings because, absent intervention by the Court, it will have "no opportunity to participate in any class discovery or prepare for a class certification motion, and will have no meaningful opportunity to participate in fact discovery in this action." *Id.* at 6. Defendant Merchant Worthy contends that Plaintiff failed to obtain leave of Court to add Defendant Merchant Worthy as a defendant as required by Federal Rule of Civil Procedure 21. *Id.* Defendant Merchant Worthy contends that Plaintiff failed to seek leave of Court to modify the Scheduling Order. Defendant Merchant Worthy contends that Plaintiff has made no showing of good cause to modify the Scheduling Order as required by Federal Rule of Civil Procedure 16(b)(4). *Id.* at 8.

**A. Legal Standards**

A motion for leave to amend filed after the time period specified in a district court's scheduling order is governed by the "good cause" standard of Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Federal Rule of Civil Procedure 16 provides that a district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). Federal Rule of Civil Procedure 16(b) also provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the court finds that a plaintiff has shown good cause pursuant to Federal Rule of Civil Procedure 16(b), the court must consider whether leave to amend is proper under Federal Rule of Civil Procedure 15. *Id.* at 608.

Federal Rule of Civil Procedure 15(a) provides that after the time for amendment "as a matter of course" has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

**B. Discussion**

Plaintiff concedes that he filed the first amended complaint without first seeking leave of Court pursuant to Federal Rule of Civil Procedure 15(a) and 21. (ECF No. 27-1 at 3; ECF No. 31 at 3). In the motion seeking leave to file an amended complaint, Plaintiff requests to withdraw the improperly filed first amended complaint and seeks leave to file the first amended complaint. The Court grants Plaintiff's request to withdraw the first amended complaint.

Because the Scheduling Order (ECF No. 17) was entered in this case, Plaintiff's

motion for leave to amend is initially governed by Rule 16(b).[1] *See Johnson*, 975 F.2d at 608 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) ("party seeking to amend pleading after date specified in scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15")).

Plaintiff contends that he did not learn of Defendant Merchant Worthy's existence and involvement in this matter prior to receiving discovery responses from Defendant Rapid Capital and filed the amended complaint "as soon as was practicable." (ECF No. 27-1 at 3). Plaintiff states that he "could not have amended the Complaint before the Court's cut off of September 12, 2016, because Plaintiff did not learn of the existence of [Defendant Merchant Worthy] until September 30, 2016[.]" (ECF No. 31 at 2). Plaintiff includes a declaration by his counsel which states that Plaintiff received Defendant Rapid Capital's written discovery responses on September 30, 2016 and that "Plaintiff first found out about the existence of [Defendant Merchant Worthy], and their relation to this case, from [Defendant Rapid Capital] in [Defendant Rapid Capital's] initial discovery responses." (ECF No. 31-1 at 2). Plaintiff filed the first amended complaint on October 19, 2016 and the motion for leave to file the amended complaint on January 9, 2017. (ECF Nos. 18, 27). Plaintiff provides evidence to establish that, despite proceeding diligently, he could not have met the Court's September 12, 2016 deadline to file a motion to join other parties or amend the pleading. *See Johnson*, 975 F.2d at 609. The Court concludes that Plaintiff has shown good cause to amend the complaint to include Defendant Merchant Worthy.

Because the Court finds that Plaintiff has shown good cause, the Court considers whether leave to amend is proper under Federal Rule of Civil Procedure 15. *See Johnson*, 975 F.2d at 608. Defendant Merchant Worthy contends that it will be prejudiced by being added as a defendant at this point in the proceedings because a

---

[1] On March 8, 2017, the Magistrate Judge vacated the remaining dates on the scheduling order in light of these pending motions. (ECF No. 37).

number of deadlines in the Scheduling Order have already passed. In *DCD Programs*, the Ninth Circuit Court of Appeals noted that "[a]mending a complaint to add a party poses an especially acute threat of prejudice to the entering party." *DCD Programs*, 833 F.2d at 187 (quoting *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984)). However, in *DCD Programs* the Court determined that the newly added defendant would not be prejudiced by the timing of the proposed amendment in because the case was at the discovery stage with no trial date pending or pretrial conference scheduled. *Id.* at 187-88. This case is currently in the discovery stage and no trial date is pending. Further, Plaintiff states that he has "no objection to [Defendant Merchant Worthy's] alternative request to set a new Case Management Conference to restart the deadlines in this action" and requests the Court reset the discovery deadlines. (ECF No. 27-1 at 3-4). Defendant Merchant Worthy has not satisfied its burden to demonstrate that it will be prejudiced if it is named in an amended complaint. The Court concludes that Defendant Merchant Worthy has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

**III. Defendant Merchant Worthy's Motion to Dismiss**

Defendant Merchant Worthy moves this Court for an Order dismissing the first amended complaint against Defendant Merchant Worthy and dismissing Merchant Worthy as a defendant in this action. (ECF No. 26-1 at 3). Defendant contends that Plaintiff has failed to comply with Federal Rule of Civil Procedure 15(a), Federal Rule of Civil Procedure 21, and the Court's Scheduling Order issued on August 16, 2016. Alternatively, Defendant Merchant Worthy requests that the Court "set a new scheduling conference to restart the deadlines in this action in order to allow [Defendant Merchant Worthy] to participate on a fair basis with the other parties and avoid such prejudice." *Id.* at 3.

Plaintiff did not file a response in opposition to this motion to dismiss. In his reply in support of the motion seeking leave to file an amended complaint, Plaintiff

states, "Plaintiff did not file an opposition to [Defendant Merchant Worthy's] motion, as they were correct in pointing out Plaintiff's error in failing to request leave to amend the complaint. Plaintiff thought it would be best to instead make that request for leave to amend and offer the court a different remedy than dismissal." (ECF No. 31 at 2-3). The Court has granted Plaintiff's request to withdraw the first amended complaint. The Court denies the motion to dismiss as moot.

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's request to withdraw the first amended complaint is GRANTED. (ECF No. 27).

IT IS FURTHER ORDERED that the motion for leave to amend the complaint is GRANTED. (ECF No. 27). Plaintiff has leave to file an amended complaint adding Merchant Worthy as a defendant. Plaintiff shall file the amended complaint within fourteen (14) days of the date this Order issues.

IT IS FURTHER ORDERED that the motion to dismiss filed by Merchant Worthy is DENIED as moot. (ECF No. 26). Any requests regarding a new scheduling order or additional discovery matters are referred to the Magistrate Judge.

DATED: May 1, 2017

**WILLIAM Q. HAYES**
United States District Judge